UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **ROBERT E. MILLER** § | |
| § | |
| V. § | NO. 1:04-CV-695 |
| § | |
| **JO ANNE B. BARNHART,** § | |
| **Commissioner of Social Security** § | |
| **Administration** § | |

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The court heretofore ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends that the decision of the Commissioner be affirmed and the case dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Plaintiff filed timely objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). Plaintiff urges the court to find that the administrative law judge's residual functional capacity assessment is unsupported by substantial evidence. The

magistrate judge's analysis demonstrates that substantial evidence of record supports the administrative law judge's assessment.

Plaintiff argues for the first time[1] that reports of Dr. Forney Fleming and Dr. Mark Kubala, tendered as exhibit to plaintiff's objections, provide good cause for remand. In the court's discretion, parties may be barred from presenting legal theories before the district judge that they failed to raise in the first instance before the magistrate judge.[2] Here, the record reflects no justification for waiting to tender new evidence until after receiving an adverse recommendation from the magistrate judge.[3]

After careful consideration, the court concludes the objections are without merit.

---

[1] Plaintiff's brief cites case law relevant to remand for new evidence. Pl.'s Br. at p. 9. However, plaintiff did not expound upon the relevance of the cited case to the facts and evidence in the instant case. He did not identify or proffer new or missing evidence, which he now proffers for the first time in objections. "A skeletal 'argument', really nothing more than an assertion, does not preserve a claim. United States v. Giovannetti, 919 F.2d 1223, 1230 (7th Cir.1990). . . . Judges are not like pigs, hunting for truffles buried in briefs." U.S. v. Dunkel, 927 F.2d 955, *956 (7th Cir. 1991).

[2] See, e.g., Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir.1988):
> We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.... The role played by magistrates within the federal judicial framework is an important one. They exist "to assume some of the burden imposed [on the district courts] by a burgeoning caseload." Chamblee v. Schweiker, 518 F.Supp. 519, 520 (N.D.Ga.1981). The system is premised on the notion that magistrates will "relieve courts of unnecessary work." Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir.1980) Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.

See also Cupit v. Whitley, 28 F.3d 532, 535 n. 5 (5th Cir.1994), cert. denied, 513 U.S. 1163, 115 S.Ct. 1128, 130 L.Ed.2d 1091 (1995) (citing Paterson-Leitch); Parrott v. Commissioner SSA, 914 F. Supp. 147 (E. D. Tex. 1996).

[3] Plaintiff states that he has held Dr. Kubala's report since October, 2003. Pl.'s Rep. Br., p. 2. He shows no compelling reason for failing to proffer the report as new evidence until after the magistrate judge issued his report and recommendation. See Cupit, 28 F.3d at 535 n. 5 (citing Anna Ready Mix, Inc. v. N.E. Pierson Construction Co., 747 F. Supp 1299, 1302-1303 (S. D. Ill. 1990); Parrott, 914 F. Supp. at 149.

Plaintiff also concedes that Dr. Fleming's report was included in the record before the Appeals Council. Pl.'s Rep. Br., p. 2. Therefore, the report is not new evidence. See Johnson v. Heckler, 767 F.2d 180, 183 (5th Cir. 1985).

**ORDER**

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**SIGNED** this the **10** day of **July, 2006.**

_____
Thad Heartfield
United States District Judge